# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7544 | **DATE** | 1/14/2011 |
| **CASE TITLE** | Enrique Hernandez (#R-74552) vs. The City of Chicago | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for reconsideration [#9] is granted. The clerk is directed to: (1) reopen the case; (2) issue summons for service on the defendant by the U.S. Marshal; (3) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order; and (4) mail a copy of this order to the Warden of the Pontiac Correctional Center for a determination as to whether inmate Andrew Lamon (#R-16056) has violated state law or prison rules by engaging in the practice of law without a license.

*Suzanne B. Conlon*

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that Chicago police officers conducted an unreasonable interrogation, as well as subjected the plaintiff to sleep deprivation and inhumane conditions, following his August 2006 arrest.

By Minute Order of December 9, 2010, the court granted the plaintiff's motion to proceed *in forma pauperis* but summarily dismissed the complaint on initial review as time-barred. The plaintiff has filed a motion to reconsider, clarifying that this lawsuit is a result of his having opted out of *Dunn v. City of Chicago*, Case No. 04 C 6804 (N.D. Ill.), a recently-terminated class action challenging the City's system of detaining arrestees at the Chicago Police Department.

The plaintiff's motion for reconsideration is granted. "[C]ommencement of a class action tolls the applicable statute of limitations as to all members of the class." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 351 (1983), *citing Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 n.13 (1974). The class notice requirement is intended to inform class members that they can preserve the opportunity to press their claim separately by opting out of the class. *Ibid.* The court therefore concludes that the commencement of the *Dunn* class action suspended the applicable statute of limitations as to the plaintiff, who elected to proceed on an independent basis. **(CONTINUED)**

mjm

*See, e.g., Mason v. Long Beach Mortg. Co.*, No. 07 C 6545, 2008 WL 4951228, *2 (N.D. Ill. Nov. 18, 2008) (Andersen, J.) (holding that the limitations period is tolled for the claims of putative class members who opt out of the class before a ruling on class certification). Consequently, the court's dismissal of the complaint as untimely was premature. The case will be reinstated. This preliminary finding does not, of course, preclude the City from making any timeliness arguments it may wish to raise as an affirmative defense to suit.

The clerk shall issue summons forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the City of Chicago. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the court notes that the motion to reconsider was filed on behalf of the plaintiff "by and through Andrew Lamon, Inmate Advocate of Law." The plaintiff and Mr. Lamon are advised that a non-lawyer cannot represent another individual. *See, e.g., Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("one *pro se* litigant cannot represent another"); 28 U.S.C. § 1654. The wording of the motion gives rise to the concern that Mr. Lamon is holding himself out as a "jailhouse lawyer" and possibly charging for (or being exploited for) his legal services. Accordingly, the clerk shall provide a copy of this order to Pontiac's warden for a determination as to whether any state laws or prison regulations may have been violated by Mr. Lamon's "representation."

*Suzanne B. Conlon*